UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Michael S. Kimm, Esq. (MK4476)
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiff*s

| | |
|---|---|
| IN RE 461 7 TH AVE MARKET, INC.<br><br>Debtor.<br><br><br>461 7TH AVE MARKET, INC., and YOUNG IL PARK,<br><br>Plaintiffs,<br>vs.<br><br>DELSHAH 461 7TH AVENUE, LLC, DELSHAH CAPITAL, and MICHAEL SHAH,<br><br>Defendants. | 18-22671-RDD<br><br>Chapter 11<br><br><br><br>Adv. Pro. No. 18-08265-rdd<br><br>**Declaration of Jay Cho, RA** |

JAY CHO, of age, declares under penalty of perjury pursuant to 28 U.S.C. 1746:

1. I am a registered architect and I make this declaration concerning certain facts that are disputed between the parties in this action.

2. In the defendants' Motion to Dismiss the Adversary Proceeding, there are factual misstatements of some significance. Defendants' motion asserts:

> 8. Nonetheless, the Supreme Court gave the Debtor one last chance to cure the lease defaults by submitting a proper self-certifying so-called

-1-

      Alt-2 application to the DOB within a month. Thus, by order dated February 16, 2018, the Supreme Court denied Landlord's motion to vacate the Yellowstone injunction, and instead ruled that the Yellowstone injunction would be extended one last time to March 15, 2018 at which time it would expire. Silverbush Declaration, Exhibit G.

      9. Two weeks later, the Debtor submitted a defective Alt-2 application to the DOB. On March 1, 2018, two weeks before the expiration of the Yellowstone injunction, the DOB rejected Debtor's submission. Remarkably, the Debtor failed to re-submit a proper Alt-2 application. Nor did the Debtor seek an extension of the Yellowstone injunction. Since the Debtor neither re-submitted its Alt-2 application, nor sought a further extension of time to cure, nor appealed the Supreme Court's February 16, 2018 order, the Yellowstone injunction expired on March 15, 2018.

      10. While the Landlord's January 2017 Notice to Cure required the Debtor to cure before February 28, 2017, the Yellowstone injunction tolled the Debtor's time to cure. When the Supreme Court first entered its injunction, the Debtor still had six days left to cure. After the Yellowstone injunction terminated on March 15, the six-day clock began ticking again; that is, after the Yellowstone injunction expired on March 15, the Debtor still had six days remaining in the cure period, from March 15, 2018 to March 21, 2018. Despite the foregoing, Debtor again failed to cure and again failed to seek a new Yellowstone injunction, thereby willfully allowing the cure period to expire. The Landlord served a termination notice on March 23, 2018 (the "Termination Notice") setting an April 12, 2018 Lease termination date. Silverbush Declaration, Exhibit H.

      3. These statements are essentially erroneous; and the statement that our Alt-2 plans were "defective" is flatly wrong. A complete package was properly filed by me. On February 15, 2018, Justice Sherwood extended the Yellowstone injunction until March 15, 2018, and directed us to file a completed package of Alt-2 alteration plans. As the retained architect of record, I updated the plans that had been ready to be filed since the prior year, and filed them on February 27, 2018. Plaintiffs' first amended complaint

states:

      34. On February 27, 2018, plaintiffs's architect Jay Cho filed Alt-2 plans well ahead of the March 15 deadline, for a full DOB plan review. The landlord sent a letter to the DOB on March 8, in order to interfere with the filing. <u>Exhibit 9</u>. Had it not been for the defendants' interference and harassment, the filed plans would have encountered no problem with the DOB.

      35. On February 27, 2018, soon after architect Jay Cho effectuated the filing, the DOB website shows that a complete ("ENTIRE") application package had been deemed filed:

> **Last Action:** APPLICATION PROCESSED - ENTIRE 02/27/2018 (D)
>
> Pre-Filed: 02/27/2018  Building Type: Other  Estimated Total Cost: $45,000.00
> Date Filed: 02/27/2018  Electronically Filed: Yes
> Fee Structure: STANDARD
> Review is requested under Building Code: Prior-to-1968
>
> Job Description    Comments

      36. Defendants were to have refrained from interfering and harassing the tenant. Instead, on March 8, 2018, they wrote a letter on a Delshah Capital letterhead and told the DOB that there had been pre-existing violations on the property going as far back as 2005. Defendants filed the Delshah Capital letter to circumvent the Supreme Court's rulings based upon all of the evidence, and the defendant persisted in attempting to overturn the Supreme Court's ruling by further actions taken in the DOB.

      4. Contrary to defendants' assertion that the DOB, on its own, disapproved our Alt-2 plans, the DOB repeatedly tried to grant approval except that the building owner kept insisting that "it never approved the plans."

      5. On March 9, 2018, I came to receive the DOB's Notice of Objections letter with disapproved our Alt-2 plans first time when I went to the DOB to pick up the application folder:



6. The arrow above the date of "03/09/2018," is how the DOB logged its disapproval with objections on our plans. March 9, 2018, is the date when I was first notified that there were "objections" on the file, and I went to the DOB to pick up the folder to review the objections. It was then, for the first time, that the DOB had disapproved the plans I filed on February 27, 2018.

7. I came to learn after March 9, 2018, that the owner had sent a letter to the DOB on March 8, 2018, stating that the owner would not approve our plans, which had been filed on February 27, 2018, by direction of Justice Sherwood on February 15, 2018.

8. It is my understanding that the new owner will not approve anything that has been done to cure alleged renovation issues on the premises, and has been insisting that the cure go back years. This is not feasible and therefore Justice Sherwood directed us to

file complete plans using the Alt-2 method, which specifically did not require the owner's signature.

9. What is before the Court is not whether we complied with Justice Sherwood's directions; we did.  What is before the Court is the owner's ongoing interference with the DOB permit process, as outlined in the plaintiffs' first amended complaint.  The new owner does not want the delicatessen to remain a tenant under any condition.

10. Just to be sure, it bears emphasizing that this delicatessen has never been cited for any DOB violation.  There has never been any life or safety issue.  The tenant has always been punctual with rent payments and the discharge of its responsibilities.  I am prepared to attend any hearing to testify to all of my efforts to regarding the permit process and I can say unequivocally that the only reason our Alt-2 filed on February 27, 2018, was "disapproved" by the DOB was because the new building owner "refused its approval," according to the DOB, and that refusal was because the owner wants the building restored to a prior state.  Had the owner not interfered with the DOB permit process after we filed a complete application on February 27, 2018, the plans would have been approved within weeks if not days.  All opinion stated in this declaration are stated within a reasonable degree of professional certitude.

Dated: July 3, 2018

                                JAY CHO, RA
                                KLC Architects, PC
                                180 Maiden Lane, Suite8A
                                New York, NY 10038